# EXHIBIT A

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Andrew Dorr, Esq. (SBN 317546)
COZEN O'CONNOR
501 West Broadway, Suite 1610, San Diego, CA 92101
TELEPHONE NO.: 619.234.1700 FAX NO.: 619.234.7831
EMAIL ADDRESS: adorr@cozen.com
ATTORNEY FOR *(Name):* Plaintiff MERCURY INSURANCE COMPANY

*FOR COURT USE ONLY*

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 10/13/2025 3:25 PM**
**Reviewed By: A. Hernandez**
**Case #25CV477767**
**Envelope: 21202740**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street, San Jose, CA 95113
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME: Mercury Insurance Company v. Samsung Electronics America, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 25CV477767 |
|---|---|---|
| ☒ **Unlimited** (Amount demanded exceeds $35,000) ☐ **Limited** (Amount demanded is $35,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☒ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* Strict Products Liability
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 2, 2025

Andrew Dorr
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

E-FILED
10/13/2025 3:25 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV477767
Reviewed By: Alexandez

Andrew Dorr, Esq. (SBN 317546)
COZEN O'CONNOR
501 West Broadway, Suite 1610
San Diego, CA 92101
Telephone: 619.234.1700
Facsimile: 619.234.7831
Email: adorr@cozen.com

Attorneys for Plaintiff
MERCURY INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| MERCURY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 25CV477767<br><br>**COMPLAINT FOR STRICT PRODUCTS LIABILITY** |

Plaintiff MERCURY INSURANCE COMPANY (hereafter "Mercury" or "Plaintiff") is informed and believes and thereon alleges, against Defendants, and each of them, as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff Mercury Insurance Company is, and at all times herein mentioned was, a business entity authorized to transact and conduct business in the State of California as an insurance company.

2. At all times herein mentioned, Defendant Samsung Electronics America, Inc., (hereafter "Samsung")is believed to be a New York Corporation, authorized to transact and conduct business in the State of California.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued by this Complaint as DOES 1 through 25, inclusive, and, therefore, Plaintiff sues Defendants by such fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges, that Defendants designated as DOES 1 through 25, inclusive, are legally responsible in some manner for the damages alleged. Plaintiff will amend this Complaint to allege the true names, capacities, and liabilities of DOES 1 through 25, inclusive, when ascertained.

4. At all times herein mentioned Defendants, and each of them, were agents and/or employees and/or servants and/or partners and/or alter egos of each remaining defendant and at all times herein mentioned were acting as alter ego or within the purposed and scope of said agency, partnership, employment and/or relationship with the consent, authorization, permission or ratification of codefendants, and each of them.

COZEN O'CONNOR
501 W. BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

5. Whenever in this Complaint reference is made to "Defendants, and each of them," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

6. This action arises from fire damages occurring on or about July 26, 2024, (hereinafter "Subject Loss") at 48 Park Avene in Los Gatos, California 94707 (hereinafter "Subject Property") owned by the Plaintiff's insured, Akbar Soleimanieh (hereinafter "Insured"). Venue is proper in this Court because the events giving rise to this Complaint occurred in Santa Clara County.

7. The Subject Loss originated from a Model NE58H9950WS slide-in electric range stove manufactured and distributed by Defendants. The Serial Number for the Electric Range Stove involved in the Subject Loss is believed to be 0BK87DDG200199W. The Electric Range Stove involved in the Subject Loss is referred to hereinafter as the "Subject Stove" for convenience.

8. This Subject Stove was included in the recall issued on August 8, 2024, due to the risk that "Front-mounted nobs on the ranges can be activated by accidental contact by humans or pets, posing a fire hazard.

COZEN O'CONNOR
501 W. BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

9. The Subject Stove was defective in that its front-mounted knobs could be activated inadvertently. It is further alleged that the Subject Stove lacked necessary precautions, such as requiring front-mounted knobs to be both depressed and turned, to prevent inadvertent activation.

10. The Subject Loss occurred because the Subject Stove was activated inadvertently.

11. The defective Subject Stove caused the Subject Loss because Subject Loss would not have occurred if the front-mounted knobs were not susceptible to accidental activation.

12. At the time of the Subject Loss, there was in effect an insurance policy issued by Plaintiff to the Insured, which insured property including the Subject Property, against certain losses and damages caused by the Subject Loss, and Plaintiff has made payments under the policy and/or is in the process of adjusting and providing payments under the policy, to or on behalf of the Insured, as a result of the Subject Loss.

13. This action seeks recovery of amounts paid, and to be paid, by Plaintiff to its Insured. Plaintiff who is obligated to make payment or has made payments to its Insured is equitably subrogated to the rights of its Insured, "stands in the shoes," and is entitled to bring this claim for payments made or to be made. Plaintiff investigated, adjusted and paid, and may in the future pay, said damage, injury and loss, consistent with its policy of insurance and its obligations under law, and said payments were not voluntary. Plaintiff's damages are in a liquidated sum; the amount paid to their Insured. Plaintiff's Insured has an existing, assignable cause of action against Defendants, which the Insured could have asserted for its own benefit had it not been compensated for its losses by Plaintiff. As such, Plaintiff has suffered damages caused by an act or omission of Defendants.

14. Plaintiff, through legal and equitable rights of subrogation, is entitled to recover from Defendants, and each of them, the damages forming the basis of this action, in an amount in excess of the minimum amount required for jurisdiction of this court in an amount to be proven at trial.

///

///

COZEN O'CONNOR
501 W. BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

## FIRST CAUSE OF ACTION

**Strict Products Liability Against Defendant Samsung Electronics America, Inc., and DOES 1 through 25**

15. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 14, inclusive, of this complaint as though fully set forth at length.

16. On July 26, 2024, the fire causing the Subject Loss began from the Subject Stove. The failure of the Subject Product was the defective design and/or manufacture of the control panel. The Subject Product was one manufactured, designed, labeled, assembled, distributed, marketed, advertised, supplied, sold, and/or otherwise placed within the stream of commerce for consumer use by Defendant and DOES 1 through 50, and each of them.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant and DOES 1 through 50, and each of them, manufactured, designed, labeled, assembled, distributed, marketed, advertised, supplied, sold, and/or otherwise placed the Subject Product and/or its components within the stream of commerce for use by Plaintiff's Insured in the Subject Property.

18. The Subject Product contained defects within its manufacture, design, and/or warnings at the time it left the control of Defendant and DOES 1 through 50, and each of them, and at the time of the Subject Loss, rendering the Subject Product unreasonably dangerous and defective.

19. The Subject Product and Subject Property were being used in a reasonably foreseeable manner at the time of the Subject Loss.

20. The fire causing the Subject Loss spread to the surrounding kitchen.

21. As a direct and proximate result of the defective condition of the Subject Product, a fire loss occurred at the Subject Property resulting in damages in an amount of at least $263,115.53, to be proven at trial.

///

///

///

WHEREFORE, Plaintiff prays for judgment against all Defendants, as follows:

1. In the amount of actual, compensatory, incidental and other damages in an amount in excess of $263,115.53, an amount to be proven at trial.

2. For costs of suit incurred herein;

3. For reasonable attorney's fees as permitted by law;

4. For pre-judgment and post-judgment interest as permitted by law; and

5. For such other and further relief as the Court may deem just and proper.

DATED: October 13, 2025

COZEN O'CONNOR

By: ______________________

ANDREW DORR, ESQ.
Attorneys for Plaintiff
MERCURY INSURANCE COMPANY

COZEN O'CONNOR
501 W. BROADWAY, SUITE 1610
SAN DIEGO, CA 92101

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MERCURY INSURANCE COMPANY,

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

E-FILED
10/13/2025 3:25 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV477767
Reviewed By: A. Hernandez
Envelope: 21202740

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court County of Santa Clara
191 North First Street
San Jose, CA 95113
Downtown Superior Court

CASE NUMBER:
*(Número del Caso):* 25CV477767

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew Dorr, Esq. (SBN 317546) COZEN O'CONNOR
501 West Broadway, Suite 1610, San Diego, CA 92101
Telephone: 619.234.1700; Facsimile: 619.234.7831 Email: adorr@cozen.com

DATE: *(Fecha)* 10/13/2025 3:25 PM Clerk of Court Clerk, by *(Secretario)* A. Hernandez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citátion use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

25CV477767
Santa Clara ? Civil

M. Suarez

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 317546<br>NAME: Andrew Dorr, Esq.<br>FIRM NAME: COZEN O'CONNOR<br>STREET ADDRESS: 501 West Broadway, Suite 1610<br>CITY: San Diego STATE: CA ZIP CODE: 92101<br>TELEPHONE NO.: 619.234.1700 FAX NO. :<br>E-MAIL ADDRESS: adorr@cozen.com<br>ATTORNEY FOR (*Name*): Plaintiff MERCURY INSURANCE COMPANY | ***FOR COURT USE ONLY***<br>**Electronically Filed by Superior Court of CA, County of Santa Clara, on 11/7/2025 4:16 PM Reviewed By: M. Suarez Case #25CV477767 Envelope: 21539000** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Downtown (DTS) | |
| Plaintiff/Petitioner: Mercury Insurance Company<br>Defendant/Respondent: Samsung Electronics America | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>25CV477767 |

TO *(insert name of party being served)*: Samsung Electronics America

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 23, 2025

Andrew Dorr
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

***(To be completed by recipient):***

Date this form is signed: 11/07/2025

Anna Yeung
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015
M. Suarez

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 317546<br>NAME: Andrew Dorr, Esq.<br>FIRM NAME: COZEN O'CONNOR<br>STREET ADDRESS: 501 West Broadway, Suite 1610<br>CITY: San Diego STATE: CA ZIP CODE: 92101<br>TELEPHONE NO.: 619.234.1700 FAX NO. :<br>E-MAIL ADDRESS: adorr@cozen.com<br>ATTORNEY FOR (*Name*): Plaintiff MERCURY INSURANCE COMPANY | *FOR COURT USE ONLY*<br>**Electronically Filed by Superior Court of CA, County of Santa Clara, on 11/10/2025 9:48 AM Reviewed By: M. Suarez Case #25CV477767 Envelope: 21547361** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Downtown (DTS) | |
| Plaintiff/Petitioner: Mercury Insurance Company<br>Defendant/Respondent: Samsung Electronics America | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>25CV47776 |

TO *(insert name of party being served)*: Samsung Electronics America

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 23, 2025

Andrew Dorr
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

***(To be completed by recipient):***

Date this form is signed: 11/07/2025

Anna Yeung
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)