**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MERCURY INSURANCE COMPANY, | Case No.  25-cv-10480-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| SAMSUNG ELECTRONICS AMERICA, INC., | [Re:  ECF No. 14] |
| Defendant. | |

Before the Court is Defendant Samsung Electronics America, Inc.'s ("Samsung") motion to dismiss.  ECF No. 14 ("Mot."); *see also* ECF No. 19 ("Reply").  Plaintiff Mercury Insurance Company ("Mercury") opposes.  ECF No. 18 ("Opp.").  The Court previously determined that this motion was suitable for resolution without oral argument and vacated the hearing.  ECF No. 24; *see* Civ. L.R. 7-1(b).  For the reasons set forth below, Samsung's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## I.    BACKGROUND

This subrogation action arises from a fire allegedly caused by a defective electric range. *See* ECF No. 1-1 ("Compl.").  Mercury is an insurance company and brings this action to recover damages caused by a July 26, 2024, kitchen fire in the home of its insured in Los Gatos, California.  Compl. ¶¶ 1, 6, 13.  According to the complaint, the Samsung model NE58H9950WS slide-in electric range stove (the "stove") had a defect that created a fire hazard.  Compl. ¶¶ 7–9. In particular, the stove allegedly had front-mounted knobs that could be turned on accidentally and lacked necessary precautions to prevent it from being switched on by mistake.  Compl. ¶ 9.  Just a few weeks after the fire, on August 8, 2024, the stove was recalled on the ground that "[f]ront-mounted nobs on the ranges can be activated by accidental contact by humans or pets, posing a

United States District Court
Northern District of California

fire hazard." Compl. ¶ 8. Mercury alleges that, as a consequence of the defect, the insured's stove was accidentally activated and caused a fire in the kitchen, resulting in a loss of at least $263,115.53. Compl. ¶¶ 10, 20–21. Standing in the shoes of the insured, Mercury brings a single cause of action for strict products liability against Samsung. Compl. ¶¶ 13–14, 15–21. Mercury seeks damages in the amount of $263,115.53, pre- and post-judgment interest, costs, and attorney's fees. Compl. at 3.

## II.    LEGAL STANDARD

Dismissal of a complaint is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III.    DISCUSSION

"Under California law, '[t]he elements of a strict products liability cause of action are a defect in the manufacture or design of the product or a failure to warn, causation, and injury.'" *State Farm Gen. Ins. Co. v. Gen. Elec. Co.*, 799 F. Supp. 3d 996, 1006 (C.D. Cal. 2025) (quoting

*Nelson v. Superior Ct.*, 144 Cal. App. 4th 689, 695 (2006)).  Samsung seeks to dismiss the strict products liability claim, arguing that Mercury fails to allege that the at-issue stove had a defect that actually and proximately caused the fire.  Mot. at 3–9.  According to Mercury, the complaint sufficiently states that the stove was defective and caused the kitchen fire.  Opp. at 4–7.

### A.    Product Defect

Beginning with the issue of whether the existence of a product defect is adequately alleged, Samsung argues that Mercury states "no facts showing a defect."  Mot. at 5–9.  According to Mercury, this contention is "flatly wrong" because the complaint asserts that the stove was defective as it lacked the necessary safety precautions to prevent inadvertent activation.  Opp. at 4–6.

"California recognizes strict liability for three types of product defects—manufacturing defects, design defects, and warning defects (inadequate warnings or failure to warn)."  *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1154 (E.D. Cal. 2010) (citing *Anderson v. Owens-Corning Fiberglass Corp.*, 53 Cal. 3d 987, 995 (1991) and *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 1208 (2006)).  Here, the complaint asserts that the stove was defective in that its front-mounted knobs were suspectable to inadvertent activation and lacked protective features.  Compl. ¶ 9.  Mercury also alleges that the stove was recalled just a few weeks after the fire, based on the risk that the front-mounted nobs on the ranges can be activated by accidental contact and therefore pose a fire hazard.  Compl. ¶ 8.  As a consequence, the stove allegedly "contained defects within its manufacture, design, and/or warnings . . . rendering the Subject Product unreasonably dangerous and defective."  Compl. ¶ 18.  The Court considers whether the complaint passes muster under any of the three asserted theories.

### 1.  Design Defect

Under a design defect theory, a design may be defective in one of two ways.  "First, under the 'consumer expectations test,' a product's design is defective if it has failed to perform as safely as its ordinary consumers would expect when used in an intended or reasonably foreseeable manner."  *Lucas*, 726 F. Supp. 2d at 1154.  "Second, under the 'risk-benefit test,' a product's design is defective if the design embodies 'excessive preventable danger,' that is, the risk of

United States District Court
Northern District of California

3

danger inherent in the design outweighs the benefits of such design." *Id.* (quoting *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 430 (1978)).

As Samsung correctly argues, Mot. at 6, the complaint alleges no facts that go to the elements of either design defect test. Plaintiff alleges that the stove was recalled for posing a fire hazard, Compl. ¶ 8, but the fact of a recall, by itself, is insufficient to establish the existence of a design defect. Samsung contends that the at-issue recall did not identify a defect or require users to stop using the range. Mot. at 7. According to Samsung, the voluntary recall notice was merely a precaution that made knob locks or covers available, which does not, without more, give rise to a plausible inference of a design defect. *Id.* The remaining allegations that go to the elements of a design defect are bare legal conclusions. *See, e.g.*, Compl. ¶ 19 ("The Subject Product and Subject Property were being used in a reasonably foreseeable manner at the time of the Subject Loss."). Accordingly, the Court concludes that Mercury has failed to allege a design defect. If Mercury wishes to procced on a design defect claim, it should indicate which design defect theory or theories it wishes to use and allege facts sufficient to make each theory plausible. *See Lucas*, 726 F. Supp. 2d at 1155.

### 2.   Manufacturing Defect

Turning to the manufacturing defect theory, "a 'manufacturing or production defect is readily identifiable because a defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line.'" *Id.* at 1154–55 (quoting *Barker*, 20 Cal. 3d at 429). Here, the complaint lacks even a single factual allegation that can be reasonably read to suggest that the insured's stove deviated from the intended manufacturing design. To the extent Mercury intends to allege a manufacturing defect, it "must identify/explain how the [stove] either deviated from [Samsung's] intended result/design or how the [stove] deviated from other seemingly identical . . . models." *Id.* at 1155; *see also Ruiz v. Medtronic, Inc.*, No. 24-cv-00489-TLN-SCR, 2025 WL 278029, at *3 (E.D. Cal. Jan. 23, 2025) (finding that a manufacturing defect claim that lacked allegations as to the way in which the product "differed from its intended design" was a "bare conclusion" that was "not enough to sufficiently allege a strict liability claim").

United States District Court
Northern District of California

### 3. Failure to Warn

Finally, with respect to failure to warn, "[m]anufacturers are strictly liable for injuries caused by their failure to provide adequate warnings of known or reasonably scientifically knowable dangers at the time they manufactured and distributed their product." *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1160 (E.D. Cal. 2019). A claim for failure to warn should include allegations that "identify which danger was not warned against, explain that the danger was substantial, and that the danger was known or reasonably knowable, or explain how any warning that was given was inadequate." *Id.* at 1160–61.

As Samsung persuasively argues, Mercury "does not allege a single fact about the warnings that accompanied the Samsung range or how they were inadequate." Mot. at 9. Mercury offers no opposition to this argument, declining to address its failure to warn theory in its brief. A bare legal conclusion that the stove "contained defects within its manufacture, design, and/or warnings," Compl. ¶ 18, unsupported by any factual allegations, is insufficient. *See Ruiz*, 2025 WL 278029, at *5. Absent any facts that give rise to a plausible inference that Samsung failed to warn consumers, Mercury will be unable to procced on a failure to warn theory.

\* \* \*

In sum, the Court concludes that Mercury has not alleged sufficient facts to identify a defect. While Mercury protests generally that the complaint "surely does not fail for lack of detail," Opp. at 4, the opposition does not engage with the elements of any of the three theories of strict products liability. Mercury correctly argues that it "may seek the specific mechanical details of the defect during discovery," Opp. at 5 (quoting *Tappana v. Am. Honda Motor Co., Inc.*, 609 F. Supp. 3d 1078, 1084 (C.D. Cal. 2022)). Nonetheless, Mercury has not even alleged the most basic facts that would transform the complaint from mere conclusions of law to plausible allegations that support a claim. Mercury should clearly identify which theories it seeks to proceed on and state facts that make the existence of a defect plausible under those theories.

### B. Causation

Turning to the causation element, Samsung takes the position that the complaint's allegations are rote conclusions that do not establish causation. Mot. at 3–5. Mercury contends

United States District Court
Northern District of California

United States District Court
Northern District of California

that the complaint is specific enough to support a plausible inference that the alleged defect caused the kitchen fire.  Opp. at 6–7.

To state a strict products liability claim, a plaintiff must allege facts sufficient to establish that the alleged defect caused the injury.  *See Higginbottom v. Dexcom, Inc.*, 744 F. Supp. 3d 1058, 1083 (S.D. Cal. 2024).   Here, the complaint alleges that the fire would not have occurred if the "front-mounted knobs were not susceptible to accidental activation."  Compl. ¶¶ 10–11. Mercury further alleges that the stove lacked necessary precautions to prevent this kind of accident, "such as requiring front-mounted knobs to be both depressed and turned, to prevent inadvertent activation."  Compl. ¶ 9.  While the Court agrees with Mercury that it "is not necessary for Plaintiff to explore every scenario in which these precautions would or would not prevent the fire this early into litigation," Opp. at 6, Mercury has failed to allege sufficient facts to permit a plausible inference that the insured's stove was the cause of the kitchen fire.  Other than the date and the existence of the stove, no other details about the circumstances of the fire are included in the complaint.  The remaining facts are nothing more than bare conclusions.  *See, e.g.*, Compl. ¶ 10 ("The Subject Loss occurred because the Subject Stove was activated inadvertently.").

*        *        *

Because Mercury has failed to allege sufficient facts to establish the existence of the defect and causation, the strict products liability claim is DISMISSED.  Because the Court determines that none of the *Foman* factors weigh against permitting amendment, the dismissal is WITH LEAVE TO AMEND.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Samsung's motion to dismiss, ECF No. 14, is GRANTED WITH LEAVE TO AMEND.  Mercury SHALL file a first amended complaint within 30 days of the date of this Order, on or before **June 3, 2026.**  Leave to amend is limited to the defects identified in this Order.  Mercury may not add new claims or parties absent express leave of the Court.


Dated:  May 4, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

7